# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

---

MARK GEDEK, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ANTONIO M. PEREZ, RICHARD S. BRADDOCK, HERALD Y. CHEN, ADAM H. CLAMMER, TIMOTHY M. DONAHUE, MICHAEL J. HAWLEY, WILLIAM H. HERNANDEZ, DOUGLAS R. LEBDA, KYLE P. LEGG, DELANO E. LEWIS, WILLIAM G. PARRETT, JOEL SELIGMAN, DENNIS F. STRIGL, LAURA D'ANDREA TYSON, DEBRA L. LEE, SAVINGS AND INVESTMENT PLAN COMMITTEE, FRANK S. SKLARSKY, ANTOINETTE P. McCORVEY, PAUL DILS, and DOES 1-10,

Defendants.

---

Case No.   6:12-cv-06051-DGL

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF PRETRIAL ORDER NO. 1 AND TO APPOINT WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP AS INTERIM CLASS COUNSEL AND BLITMAN & KING LLP AS INTERIM LIAISON COUNSEL**

[Caption continued on next page]

THOMAS W. GREENWOOD, individually
and on behalf of all others similarly situated,

Case No.  6:12-cv-06056-DGL

Plaintiff,

v.

ANTONIO M. PEREZ, RICHARD S.
BRADDOCK, HERALD Y. CHEN, ADAM H.
CLAMMER, TIMOTHY M. DONAHUE,
MICHAEL J. HAWLEY, WILLIAM H.
HERNANDEZ, DOUGLAS R. LEBDA, KYLE
P. LEGG, DELANO E. LEWIS, WILLIAM G.
PARRETT, JOEL SELIGMAN, DENNIS F.
STRIGL, LAURA D'ANDREA TYSON,
DEBRA L. LEE, SAVINGS AND
INVESTMENT PLAN COMMITTEE, FRANK
S. SKLARSKY, ANTOINETTE P.
McCORVEY, PAUL DILS, and DOES 1-10,

Defendants.

BARRY BOLGER, Individually And On
Behalf Of All Others Similarly Situated,

Case No.  6:12-cv-06067-DGL

Plaintiff,

v.

ANTONIO M. PEREZ, RICHARD S.
BRADDOCK, HERALD Y. CHEN, ADAM H.
CLAMMER, TIMOTHY M. DONAHUE,
MICHAEL J. HAWLEY, WILLIAM H.
HERNANDEZ, DOUGLAS R. LEBDA, KYLE
P. LEGG, DELANO E. LEWIS, WILLIAM G.
PARRETT, JOEL SELIGMAN, DENNIS F.
STRIGL, LAURA D'ANDREA TYSON,
DEBRA L. LEE, FRANK S. SKLARSKY,
ANTOINETTE P. McCORVEY, PAUL DILS,
THE SAVINGS AND INVESTMENT PLAN
COMMITTEE (SIPCO), and JOHN DOES 1-
20,

Defendants.

[Caption continued on next page]

| | |
|---|---|
| JULIUS COLETTA, individually and on behalf of all others similarly situated,<br><br>                                Plaintiff,<br><br>     v.<br><br>ANTONIO M. PEREZ, RICHARD S. BRADDOCK, HERALD Y. CHEN, ADAM H. CLAMMER, TIMOTHY M. DONAHUE, MICHAEL J. HAWLEY, WILLIAM H. HERNANDEZ, DOUGLAS R. LEBDA, KYLE P. LEGG, DELANO E. LEWIS, WILLIAM G. PARRETT, JOEL SELIGMAN, DENNIS F. STRIGL, LAURA D'ANDREA TYSON, DEBRA L. LEE, SAVINGS AND INVESTMENT PLAN COMMITTEE, FRANK S. SKLARSKY, ANTOINETTE P. McCORVEY, PAUL DILS, and DOES 1-10,<br><br>                                Defendants. | Case No.   6:12-cv-06071 |

Plaintiff Barry Bolger, by and through this undersigned counsel, respectfully submits this memorandum of law in support of his motion for entry of Pretrial Order No. 1, consolidating these related cases and appointing Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as interim class counsel and Blitman & King LLP ("Blitman & King") as interim liaison counsel.

## I.         **INTRODUCTION**

On February 6, 2012, Plaintiff Barry Bolger, by and through his counsel, filed an action[1] against certain employees, (collectively, "Defendants") of the Eastman Kodak Company ("Kodak" or the "Company").  Previously, on January 27, 2012, Plaintiff Mark Gedek, by and

---

[1] *Bolger v. Perez, et al.*, No. 6:12-cv-06067-DGL.

through his counsel, had filed a similar action[2] against those same Defendants, as did Plaintiff Thomas W. Greenwood, by and through his counsel, on January 31, 2012.[3]   On February 9, 2012, Plaintiff Julius Coletta, by and through his counsel, also filed a similar action against the same Defendants.[4]   Plaintiffs are not aware of any additional related actions filed to date.

The complaints (the "ERISA Actions") are substantially similar and each alleges that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), § 502(a), 29 U.S.C. § 1132(a) in connection with the continued offering of Kodak stock as an investment option in the Eastman Kodak Employees' Savings and Investment Plan (the "SIP" or the "Plan") and the Kodak Employee Stock Ownership Plan ("ESOP"), (collectively, the "Plans"), despite the fact that the Defendant-fiduciaries knew (or could have learned based on an adequate investigation) that Kodak stock was an imprudent investment alternative because Kodak faced dire circumstances during the Class Period.   Plaintiffs seek relief pursuant to §§ 409 and 502 of ERISA, 29 U.S.C. §§ 1109, 1132, on behalf of the Plans and a proposed class of all Plan participants who sustained losses to their retirement savings.

Because the ERISA Actions are based on substantially the same facts and contain virtually identical causes of action against overlapping Defendants, Plaintiff Bolger moves to consolidate the ERISA Actions and seeks appointment of his counsel, Wolf Haldenstein, as interim class counsel in accordance with the *Manual for Complex Litigation* (4th ed. 2004) (the "*Manual*") and Federal Rule of Civil Procedure 23(g).

---

[2] *Gedek  v. Perez,. et al.,.* No. 6:12-cv-06051-DGL.

[3] *Greenwood v. Perez, et al.*, No. 6:12-cv-06056-DGL.

[4] *Coletta v. Perez, et al.*, No. 6:12-cv-06071.

## II.   THE COURT SHOULD CONSOLIDATE THE ERISA ACTIONS

Given the substantial similarity of the parties and claims in the ERISA Actions, plaintiff Bolger has followed the guidance of Rules 23(g) and 42(a) of the Federal Rules of Civil Procedure, as well as the *Manual for Complex Litigation*, and submits for the Court's approval a [Proposed] Pretrial Order (the "Proposed Order") which:

> (a) provides for the consolidation of these ERISA Actions;

> (b) establishes efficient procedures for the filing and docketing of papers;

> (c) proposes an organization of plaintiffs' counsel; and

> (d) otherwise eliminates wasteful and duplicative litigation.

For the reasons below, plaintiff Bolger respectfully submits that the Proposed Order should be entered by the Court. The Proposed Order will promote the orderly and efficient conduct of this action in a manner consistent with the recommendations of the *Manual*.

### A.   The ERISA Actions Should Be Consolidated

Consolidation of related actions is appropriate pursuant to Fed. R. Civ. P. 42(a). This Rule provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See, e.g., Mayo v. Apropos Tech., Inc.*, Case No. 01 C 8406, 2002 U.S. Dist. LEXIS 1924, *6 (N.D. Ill. Feb. 7, 2002); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *see also, generally, Manual for Complex Litigation* (4th ed. 2004) (Federal Judicial Center 2004) at §§ 11.631, 20.11. Accordingly, consolidation of related complex litigations, including class actions, is commonplace. 9 Wright & Miller, *Federal Practice & Procedure:*

*Civil* (2d ed. 1994) at §§ 2384-85; 8 Moore, *Moore's Federal Practice* (3d ed. 1997) at § 42.10[1][6] (noting that "actions alleging similar violations against the same defendant[s]" are "routinely" consolidated).

Consolidation is appropriate where, as here, there are common issues of law or fact, and where the benefits of consolidation outweigh potential prejudice to the defendants.  District courts have broad discretion under Fed. R. Civ. P. 42(a) to consolidate cases pending in the same district.  *See, e.g., KPASA, LLC v. United States*, Case No. 04 C 109, 2004 U.S. Dist. LEXIS 8720, at *7 (N.D. Ill. May 17, 2004) (related cases should be consolidated, particularly cases in the same District); *Cook v. McCarron*, Case Nos. 92 C 7042, 92 C 828, 1997 WL 47448, at *4 (N.D. Ill., Jan 30, 1997) (consolidation appropriate due to the existence of "common issues between the two cases"); *see also Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) ("so long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate") (citing *International Paving Systems, Inc. v. Van-Tulco, Inc.*, 806 F. Supp. 17, 22 (E.D.N.Y. 1992)); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990) ("Rule 42(a) ...empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay").

When two suits "involve common questions of law and fact and consolidation will tend to avoid unnecessary costs and delay, combining the two cases for all future proceedings will serve the objectives of Rule 42(a)."  See, *e.g., Taubenfeld v. Career Educ. Corp.*, Case No. 03 C 8884, 2004 U.S. Dist. LEXIS 4363, at **3-4 (N.D. Ill. March 22, 2004) (court consolidated six cases, holding that "[c]onsolidation is appropriate for the six related cases insofar as each involves class action claims on behalf of purchasers of CEC stock and each asserts similar if not

overlapping claims for relief.   Moreover, given the similarity of the claims, the court believes

that consolidation of these cases will result in substantial savings of judicial time and effort.

Accordingly, the related cases are hereby consolidated for all purposes pursuant to Rule 42(a) of

the Federal Rules of Civil Procedure.")   *See also In re Coyne & Delany Co. v. Selman*, 98 F.3d

1457, 1473 (4th Cir. 1996) (finding that where there is 'substantial overlap" between related

cases, "the interests of judicial economy require that the cases be consolidated."); *Allfirst Bank v.*

*Progress Rail Servs. Corp.*, 178 F. Supp. 2d 513, 520 (D. Md. 2001) ("interests of justice support

consolidation" of two cases with same parties, claims, defenses, and agreements involved, and

consolidation "will foster clarity, efficiency and the avoidance of confusion and prejudice").[5]

Consolidation is undoubtedly appropriate here.   All four plaintiffs have filed complaints

against the same defendants, alleging the same claims arising under ERISA, based upon the same

or similar conduct by the defendants.   All four actions raise common questions of fact and law,

and the discovery in each will be identical in the three cases. Fed. R. Civ. P. 42 (a); *see also*

*Manual*.   ERISA-related class actions often result in the filing of multiple complaints that raise

similar claims and arise from the same or similar events.   Instead of allowing the parties to

pursue separate lawsuits, courts generally consolidate the related actions and appoint counsel for

plaintiffs to prosecute the claims in a coordinated fashion.   *See* 9 Wright & Miller, §§ 384-

85259; 8 Moore, ¶ 42.10 (noting that "actions alleging similar violations against the same

---

[5] To prevent a backlog of cases and to conserve judicial resources, consolidation "is not only warranted but necessary […and] will result in substantial time-savings."   *In re All Asbestos Cases*, No. BML-1, 1983 WL 808161, at *2 (D. Md. Dec. 16, 1983).   *See also* 9 Wright & Miller, § 2383 at 259 (1971); *In re Orbital Sciences Corp. Sec. Litig.*, 188 F.R.D. 237, 238 (E. D. Va. 1999).

defendant[s]" are "routinely" consolidated).[6]  The same approach is appropriate here.

Given the substantial similarity of the parties and claims in the ERISA Actions and that consolidation would avoid unnecessary waste of judicial resources and not cause any inconvenience, delay, confusion or prejudice to any party, these actions should be consolidated pursuant to Fed. R. Civ. P. 42 (a).

Based on the foregoing, consolidation is appropriate for the ERISA Actions as well as those actions which may hereafter be filed in, transferred to or removed to this District involving substantially similar facts and alleging similar claims under ERISA on behalf of the same or similar plaintiff class.

### B.   Orderly Procedures for Captioning and Filing Documents

In addition to providing for consolidation, the Proposed Order establishes orderly procedures for the captioning, filing, and docketing of papers in these related actions, and in any cases that may hereafter be filed in or transferred to this Court.  These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions.   Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this.  See *Manual* § 11.21.

---

[6]    *See also Bertels v. Sullivan*, 312 F. Supp. 63, 64 (E.D. Va. 1970) (four suits involving the same defendants, causes of action, relief sought, and same apparent questions of law and fact in all major respects create "the situation contemplated by Rule 42(a)," mandating consolidation for trial).

### III.   WOLF HALDENSTEIN SHOULD BE APPOINTED INTERIM CLASS COUNSEL AND BLITMAN & KING SHOULD BE APPOINTED INTERIM LIAISON COUNSEL

This action requires strong stewardship through experienced and well-capitalized counsel.  In this regard, Rule 23(g)(2)(A) authorizes the Court to "designate . . . class counsel to act on behalf of the putative class before determining whether to certify the action as a class action."  As the Committee Notes to the 2003 amendments to Rule 23 state, designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision.  The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination.  It may also be important to make or respond to motions before certification . . . . Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the class certification decision is made.

Rule 23(g)(1)(B) directs the court to appoint class counsel who will "fairly and adequately represent the interests of the class."[7]  Rule 23(g)(3) provides for the appointment of interim class counsel before class certification is determined.

In appointing class counsel, the Rule directs the Court to consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," including the following factors described in Rule 23(g):

> the work counsel has done in identifying or investigating potential claims in the action;

---

[7]  When appointing interim class counsel, it is "generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."  *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citation omitted).

counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

counsel's knowledge of the applicable law; and

the resources counsel will commit to representing the class.

Wolf Haldenstein amply satisfies these requirements of Rule 23(g)(1) and Rule 23(g)(3) for appointment as interim class counsel.

### C.  Wolf Haldenstein Has Performed Significant Work In This Case

Wolf Haldenstein has devoted considerable time and resources to independently investigate the claims asserted in this litigation. As a result of those investigations, Wolf Haldenstein filed a complaint against the fiduciaries of the Kodak Plans after all pertinent facts were revealed. The above-noted ERISA Actions assert similar claims concerning the losses suffered by the Plans arising out of Defendants' failures to prudently and loyally manage the Plans' investments in Kodak stock by, *inter alia*, continuing to offer Kodak stock as a retirement savings option, continuing to acquire and hold shares of Kodak stock when it was no longer prudent to do so, failing to provide complete and accurate information to Plan participants regarding the Company's financial condition and the prudence of continued investment in Kodak Stock, and maintaining the Plans' pre-existing investment in Kodak Stock when it was no longer a prudent investment. As a result of the Defendants' fiduciary breaches, when the Company ultimately for Chapter 11 business reorganization, the Plans' participants suffered catastrophic losses of their retirement savings.

In the short time since the company's bankruptcy, Wolf Haldenstein taken numerous steps to ensure the swift and efficient prosecution of the claims asserted in the litigation and the protection of the Plans. Wolf Haldenstein conducted a thorough investigation of the actions of the Plan fiduciaries and reviewed numerous documents including SEC filings, news reports,

press releases, and recent Second Circuit jurisprudence concerning ERISA litigation, and commenced this action.   Thereafter, Wolf Haldenstein promptly arranged for service of the Summons and Complaint upon defendants.   In addition, Wolf Haldenstein and its co-counsel (i) have requested ERISA plan documents from defendants pursuant to ERISA § 104(b), 29 U.S.C. § 1104(b); (ii) have prepared and submitted a claim on behalf of the Plans in the Bankruptcy Court; (iii) have served defendants with a letter directing the preservation of all relevant documents, and (iv) have sent a copy of the Complaint to the Department of Labor.

Furthermore, Wolf Haldenstein sought to coordinate the efforts of all plaintiffs' counsel in the prosecution of this litigation.   When those efforts proved unsuccessful, Wolf Haldenstein moved to consolidate and coordinate these actions to reduce duplication of efforts and streamline the prosecution of the actions on behalf of plaintiffs and the Plans.   Wolf Haldenstein proposes a streamlined organization for Plaintiffs' counsel that will best ensure the efficient prosecution of the action.

### D.   Wolf Haldenstein Has Extensive Experience In ERISA and Class Action Litigation

#### 1.   Wolf Haldenstein

As reflected in its firm resume, attached hereto as Exhibit A, Wolf Haldenstein is among the most experienced class action firms in the United States, having represented plaintiffs in nationwide class actions brought under ERISA and in other financially complex, large-scale litigations.   The firm's resume contains a representative list of the many cases Wolf Haldenstein prosecuted as lead or primary counsel.   The resume also details the results achieved in those cases and numerous published decisions from the cases in which Wolf Haldenstein served as class counsel or in a significant role.

Courts nationwide recognize Wolf Haldenstein's qualifications to serve as class counsel. *See, e.g., In re Luxottica Group, S.p.A. Sec. Litig.,* 2004 WL 2370650, at *5 (E.D.N.Y. Oct. 22, 2004) (selecting Wolf Haldenstein lead class counsel based on the firm's "experience and expertise"); *In re Comdisco Sec. Litig.,* 150 F. Supp. 2d 943, 951 (N.D. Ill. 2001) (noting that Wolf Haldenstein's credentials "are impeccable").  In *In Re Dynamic Random Access Memory Antitrust Litigation,* MDL-02-1486 (N.D. Cal.), where the firm was co-lead counsel, Judge Hamilton stated (on August 15, 2007):

> I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention. You did an exceptionally good job at organizing and managing the case, assisting me in management of the case.  There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides.

Moreover, at the completion of a very contentious and complicated litigation, in *In re Comdisco Sec. Litig.,* No. 01 C 2110 (N.D. Ill. July 14, 2005), Judge Milton Shadur paid Wolf Haldenstein a great compliment:

> It has to be said…that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary.  And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize . . . .  I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation.

Wolf Haldenstein attorneys also have extensive experience litigating ERISA actions as lead counsel, and served as lead counsel in the following cases brought under ERISA:

- *In re Tower Automotive ERISA Litigation,* No. 05 CV 2184 (LLS) (S.D.N.Y.) (settlement approved).

- *MBNA Corp. ERISA Litigation,* C.A. No. 05-429 GMN (D. Del.) (settlement approved).

- *In re Aon ERISA Litigation*, No. 04 C 6875 (N.D. Ill.).

- *In re Aquila, Inc. (ERISA Litigation)*, No. 04-865 (W.D. Mo.) (settlement approved).

- *Spiziri v. The St. Paul Travelers Companies, Inc. ERISA Litigation*, Civ. No. 04-5096 (D. Minn.) (settlement approved).

- *In re Guidant Corp. ERISA Litigation*, 1:05-cv-1009-LJM-TAB (S.D. Ind.)

- *Morgan Stanley ERISA Litigation*, Civ.: 07 Civ. 11285 (RWS).

- *In re Lehman Brothers ERISA Litigation*, No. 08-CV-5598 (LAK) (S.D.N.Y.).

- *In re Schering-Plough Corp. ENHANCE ERISA Litigation*, No. 08-CV-1432 (D.N.J.).

Indeed, Wolf Haldenstein has had an active practice in federal labor relations and employee rights since the commencement of the New Deal – more than 75 years ago.  In a landmark case establishing important rights for employees, *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460 (S.D.N.Y. 1989), Wolf Haldenstein was lead counsel in the first certified class action under the Federal Plant Closing Act (WARN) and recovered $3.5 million for illegally-discharged employees.

In addition, attorneys in Wolf Haldenstein's corporate department regularly advise clients as to the development and administration of pension plans subject to ERISA.  Thus, the class will benefit from the unique depth and breadth of Wolf Haldenstein's knowledge and expertise in a number of related areas of the law.

### E.   Wolf Haldenstein Will Commit the Resources Necessary to Represent the Class

Wolf Haldenstein possesses the ability and willingness to expend the financial and human resources necessary to prosecute this litigation on behalf of the class.  Indeed, throughout the firm's long and proud history, there has never been any question that the firm could devote *millions* of dollars of resources if necessary for the prosecution of a case.

Accordingly, Plaintiff respectfully asks this Court to appoint Wolf Haldenstein interim class counsel in this ERISA action and all subsequently-filed related actions and authorize Wolf Haldenstein to direct and supervise the activities of the other firms that may represent plaintiffs in future related class actions.

**F.      The Court Should Appoint Blitman & King as Interim Liaison Counsel**

Additionally, Plaintiffs request that the Court appoint Blitman & King as interim liaison counsel.  It is expected that Blitman & King will be of significant assistance to Wolf Haldenstein in various administrative matters.  Blitman & King has substantial experience in ERISA actions and employment law matters and brings considerable expertise to the case.

**G.      The Court Should Enter Proposed Pretrial Order No. 1**

The proposed Pretrial Order No. 1 establishes orderly procedures for the captioning, filing and docketing of papers in this action and any cases that may hereafter be filed or transferred to this Court.  These routine procedures include the establishment of a uniform caption and master docket for the filing of documents.  Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this.  *See Manual* § 21.11.  Finally, Plaintiff proposes the following preliminary schedule for these proceedings:

> (a)      Plaintiffs shall file a consolidated ERISA complaint within 45 days of the entry of proposed Pretrial Order No. 1.  The consolidated complaint shall be the operative complaint and shall supersede any future complaints relating to these actions which may become consolidated with the action herein. Pending filing and service of the consolidated complaint, Defendants shall have no obligation to move, answer, or otherwise

respond to the complaint on file or to any actions subsequently consolidated with the complaint;

(b)     Defendants shall have 45 days from service of the consolidated complaint to answer or otherwise respond; and

(c)     In the event any of the Defendants file a motion directed at the consolidated complaint, the parties shall meet and confer regarding a briefing schedule for opposition and reply briefs.

Defendants consent to the proposed consolidation of the related cases, the proposed docketing provisions, the proposed procedures for filing and service, and the proposed schedule.

## IV.           <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court enter Plaintiff's [Proposed] Order No. 1: (1) consolidating the ERISA Actions along with any subsequently filed action; (2) appointing Wolf Haldenstein as interim class counsel to act on behalf of the ERISA class plaintiffs; (3) appointing Blitman & King as interim liaison counsel to act on behalf of the ERISA class plaintiffs; (4) granting such other relief that the Court deems just and proper.

Dated:  February 13, 2012                    Respectfully submitted,

                                             **BLITMAN & KING LLP**

                                             _/s/Jules L. Smith_____
                                             Jules L. Smith
                                             The Powers Building, Suite 500
                                             16 West Main Street
                                             Rochester, NY 14614
                                             Tel: (585) 232-5600
                                             Fax: (585) 232-7738
                                             jlsmith@bklawyers.com

                                             ***Proposed Interim Liaison Counsel***

**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
Mark C. Rifkin
270 Madison Ave.
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 545-4653
rifkin@whafh.com

*Counsel for Plaintiff Barry Bolger and Proposed*
*Interim Class Counsel*


**GAINEY & MCKENNA**
Thomas J.McKenna
440 Park Avenue South, 5th Floor
New York, NY 10016
Tel: (212) 983-1300
Fax: (212) 983-0380
tjmckenna@gaineyandmckenna.com
tjmlaw2001@yahoo.com


**EGLESTON LAW FIRM**
Gregory M. Egleston
440 Park Avenue South
New York, NY 10016
Tel: (212) 683-3400
Fax: (212) 683-3402
egleston@gme-law.com


*Additional Counsel for Plaintiff Barry Bolger*