**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK GEDEK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO M. PEREZ, RICHARD S. BRADDOCK, HERALD Y. CHEN, ADAM H. CLAMMER, TIMOTHY M. DONAHUE, MICHAEL J. HAWLEY, WILLIAM H. HERNANDEZ, DOUGLAS R. LEBDA, KYLE P. LEGG, DELANO E. LEWIS, WILLIAM G. PARRETT, JOEL SELIGMAN, DENNIS F. STRIGL, LAURA D'ANDREA TYSON, DEBRA L. LEE, SAVINGS AND INVESTMENT PLAN COMMITTEE, FRANK S. SKLARSKY, ANTOINETTE P. McCORVEY, PAUL DILS, and DOES 1-10,<br><br>Defendants. | Case No. 6:12-cv-06051-DGL<br><br>**PLAINTIFFS ANDREW J. MAUER, DALE TOAL, AND CLAUDE MATTE'S MEMORANDUM OF LAW IN OPPOSITION TO THE *GEDEK* PLAINTIFFS AND PLAINTIFF BOLGER'S MOTIONS FOR APPOINTMENT OF THEIR RESPECTIVE COUNSEL AS INTERIM CO-LEAD CLASS COUNSEL** |

[*additional captions follow*]

| | |
|---|---|
| THOMAS W. GREENWOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO M. PEREZ, RICHARD S. BRADDOCK, HERALD Y. CHEN, ADAM H. CLAMMER, TIMOTHY M. DONAHUE, MICHAEL J. HAWLEY, WILLIAM H. HERNANDEZ, DOUGLAS R. LEBDA, KYLE P. LEGG, DELANO E. LEWIS, WILLIAM G. PARRETT, JOEL SELIGMAN, DENNIS F. STRIGL, LAURA D'ANDREA TYSON, DEBRA L. LEE, SAVINGS AND INVESTMENT PLAN COMMITTEE, FRANK S. SKLARSKY, ANTOINETTE P. McCORVEY, PAUL DILS, and DOES 1-10,<br><br>Defendants. | Case No. 6:12-cv-06056-DGL |
| BARRY BOLGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO M. PEREZ, RICHARD S. BRADDOCK, HERALD Y. CHEN, ADAM H. CLAMMER, TIMOTHY M. DONAHUE, MICHAEL J. HAWLEY, WILLIAM H. HERNANDEZ, DOUGLAS R. LEBDA, KYLE P. LEGG, DELANO E. LEWIS, WILLIAM G. PARRETT, JOEL SELIGMAN, DENNIS F. STRIGL, LAURA D'ANDREA TYSON, DEBRA L. LEE, FRANK S. SKLARSKY, ANTOINETTE P. McCORVEY, PAUL DILS, THE SAVINGS AND INVESTMENT PLAN COMMITTEE and DOES 1-20,<br><br>Defendants. | Case No. 6:12-cv-06067-DGL |

| | |
|---|---|
| JULIUS COLETTA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO M. PEREZ, RICHARD S. BRADDOCK, HERALD Y. CHEN, ADAM H. CLAMMER, TIMOTHY M. DONAHUE, MICHAEL J. HAWLEY, WILLIAM H. HERNANDEZ, DOUGLAS R. LEBDA, KYLE P. LEGG, DELANO E. LEWIS, WILLIAM G. PARRETT, JOEL SELIGMAN, DENNIS F. STRIGL, LAURA D'ANDREA TYSON, DEBRA L. LEE, SAVINGS AND INVESTMENT PLAN COMMITTEE, FRANK S. SKLARSKY, ANTOINETTE P. McCORVEY, PAUL DILS, and DOES 1-10,<br><br>Defendants. | Case No. 6:12-cv-06071-DGL |
| ANDREW J. MAUER, on behalf of himself, the Eastman Kodak Employees' Savings and Investment Plan and a class of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE EASTMAN KODAK SAVINGS AND INVESTMENT PLAN COMMITTEE, THE KODAK EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, JOHN DOES 1-20, RICHARD S. BRADDOCK, HERALD Y. CHEN, ADAM H. CLAMMER, TIMOTHY M. DONAHUE, MICHAEL J. HAWLEY, WILLIAM H. HERNANDEZ, DOUGLAS R. LEBDA, KYLE P. LEGG, DELANO E. LEWIS, WILLIAM G. PARRETT, ANTONIO M. PEREZ, JOEL SELIGMAN, DENNIS F. STRIGL, LAURA D'ANDREA TYSON, FRANK S. SKLARSKY, ANTOINETTE P. MCCORVEY, PAUL DILS, and BNY MELLON FINANCIAL CORPORATION,<br><br>Defendants. | Case No. 6:12-cv-06078-DGL |

| | |
|---|---|
| Plaintiffs DALE TOAL and CLAUDE MATTE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONIO M. PEREZ, RICHARD S. BRADDOCK, HERALD Y. CHEN, ADAM H. CLAMMER, TIMOTHY M. DONAHUE, MICHAEL J. HAWLEY, WILLIAM H. HERNANDEZ, DOUGLAS R. LEBDA, KYLE P. LEGG, DELANO E. LEWIS, WILLIAM G. PARRETT, JOEL SELIGMAN, DENNIS F. STRIGL, LAURA D'ANDREA TYSON, DEBRA L. LEE, SAVINGS AND INVESTMENT PLAN COMMITTEE, FRANK S. SKLARSKY, ANTOINETTE P. McCORVEY, PAUL DILS, and DOES 1-10,<br><br>Defendants. | Case No. 6:12-cv-06080 DGL |
| ALLEN E. HARTTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONIO M. PEREZ, RICHARD S. BRADDOCK, HERALD Y CHEN, ADAM H. CLAMMER, TIMOTHY M. DONAHUE, MICHAEL J. HAWLEY, WILLIAM H. HERNANDEZ, DOUGLAS R. LEBDA, KYLE P. LEGG, DELANO E. LEWIS, WILLIAM G. PARRETT, JOEL SELIGMAN, DENNIS F. STRIGL, LAURA D'ANDREA TYSON, DEBRA L. LEE, SAVINGS AND INVESTMENT PLAN COMMITTEE, FRANK S. SKLARSKY, ANTOINETTE P. McCORVEY, PAUL DILLS and DOES 1-10,<br><br>Defendants | Case No. 6:12-cv-06146 |

**TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................................1

II. ARGUMENT ....................................................................................................4

A. Izard Nobel and KTMC have Done More Work Identifying and Investigating Potential Claims in this Action ....................................................5

B. The *Mauer* Plaintiffs' Counsel Have More Experience Handling This Type of Case and Knowledge of Applicable Law Than the Other Firms .............11

C. Izard Nobel and KTMC have the Resources Necessary to Represent the Class ....................................................................................................12

III. CONCLUSION ....................................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*In re AOL Time Warner, Inc. Sec. and ERISA Litig.*,
No. 02-CV-8853 (S.D.N.Y) ....... 3

*Board of Trustees of the AFTRA Retirement Fund, et al. v. JPMorgan Chase Bank, N.A*,
No. 1:09-cv-00686 (S.D.N.Y.) ....... 3

*In re Citigroup ERISA Litig.*,
662 F.3d 128 (2d Cir. 2011) ....... 7, 8

*In re Merck & Co., Inc. Securities, Derivative & ERISA Litig.*,
No. 05-CV-2369 (D.N.J.) ....... 3

*Nowak v. Ford Motor Co.*,
240 F.R.D. 355 (E.D. Mich. 2006) ....... 4, 11

*Outten et. al v. Wilmington Trust*,
Nos. 10-1114-SLR; 11-00101-SLR, 2012 WL 882886 (D. Del. Mar. 15, 2012) ....... 2, 4, 12

*Summers v. State St. Bank & Trust Co.*,
453 F.3d 404 (7th Cir. 2006) ....... 10

*In re Terazosin Hydrochloride*,
220 F.R.D. 672 (S.D. Fla. 2004) ....... 11

*In re YRC Worldwide, Inc. ERISA Litig.*,
No. 09-CV-2593 (D. Kan.) ....... 3

*In re YRC Worldwide, Inc. ERISA Litig.*,
No. 09-cv-2593, 2010 WL 4386903 (D. Kan. Oct. 29, 2010) ....... 7

**RULES**

FED. R. CIV. P. 23(g) ....... passim

FED. R. CIV. P. 42(a) ....... 1

Plaintiffs Andrew J. Mauer, Dale Toal, and Claude Matte ("*Mauer* Plaintiffs") by their undersigned counsel, respectfully submit this Memorandum of Law in Opposition to (1) the *Gedek* Plaintiffs' Motion for Consolidation and for Appointment of their counsel Berger & Montague, P.C. ("Berger") and Faruqi & Faruqi, LLP ("Faruqi") as Interim Co-Lead Counsel[1] and (2) Plaintiff Bolger's Motion for Entry of Pretrial Order No. 1 and Appointment of his counsel Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Interim Class Counsel.[2] In support of this Opposition, the *Mauer* Plaintiffs incorporate by reference their Memorandum of Law in Support of Plaintiffs Andrew J. Mauer, Dale Toal, and Claude Matte's Motion for Entry of Pretrial Order No. 1 and to Appoint Izard Nobel LLP ("Izard Nobel") and Kessler Topaz Meltzer & Check, LLP ("KTMC") as Interim Co-Lead Class Counsel (the "*Mauer* Plaintiffs' Brief"), in which the *Mauer* Plaintiffs request that the Court appoint Izard Nobel and KTMC as Interim Co-Lead Class Counsel in the above-captioned actions (collectively, the "ERISA Actions").[3]

## I. INTRODUCTION

When faced with competing motions for appointment of class counsel, "the court must appoint the applicant *best able* to represent the interests of the class." FED. R. CIV. P. 23(g)(B)

[1] The *Gedek* Plaintiffs are collectively plaintiffs Mark Gedek, Thomas Greenwood and Julius Coletta. The *Gedek* Plaintiffs filed their motion for consolidation and for appointment of their counsel as interim co-lead class counsel on February 13, 2012.

[2] Plaintiff Bolger filed his motion for appointment of his counsel as interim lead class counsel on February 14, 2012.

[3] The *Mauer* Plaintiffs agree with the *Gedek* Plaintiffs and Plaintiff Bolger that the pending ERISA actions should be consolidated pursuant to FED. R. CIV. P. 42(a). *See Mauer* Plaintiffs' Brief at 5. On March 22, 2012, a seventh related complaint was filed: *Harter v. Perez at al.*, No. 12-cv-06146 (W.D.N.Y.). As such, the *Mauer* Plaintiffs submit herewith a modified Pretrial Order No. 1 which provides for the consolidation of the *Harter* action with the rest of the above-captioned actions.

(emphasis added). Thus, the issue before the Court now is not about who filed the first complaint; it is not about trying to be "equitable" among all the firms that have filed motions to be appointed interim lead counsel. It is simply about which counsel is best able to represent the interests of the putative class. With all due respect to the other firms vying for appointment as interim class counsel the answer to this question is indisputable. The interests of the current and former participants in the Eastman Kodak Employees' Savings and Investment Plan (the "SIP") and the Kodak Employee Stock Ownership Plan (the "ESOP Plan") (collectively, the "Plan" or "Plans") would be best served by the Court's appointment of the *Mauer* Plaintiffs' Counsel as Interim Co-Lead Class Counsel. Izard Nobel and KTMC are national leaders of the type of ERISA class action litigation presented here; the combined experience and expertise of these firms is unmatched in this type of case.[4] Importantly, Izard Nobel and KTMC possess the particularized skill and ability to prosecute this case forcefully, effectively, and efficiently.

Izard Nobel and KTMC have been responsible for successfully resolving some of the most significant ERISA company stock cases in history. Moreover, as noted in their opening brief, Izard Nobel and KTMC have successfully worked together as co-lead class counsel in several ERISA breach of fiduciary duty company stock class action cases, including cases against AOL Time Warner (*In re AOL Time Warner, Inc. Sec. and ERISA Litig.*, No. 02-CV-8853 (S.D.N.Y)), Merck & Co., Inc. (*In re Merck & Co., Inc. Securities, Derivative & ERISA*

---

[4] By way of comparison, just recently, the United States District Court for the District of Delaware rejected the motion of the Faruqi firm (one of the *Gedek* Plaintiffs' counsel) for appointment as interim class counsel in an analogous ERISA matter, emphasizing, *inter alia*, the Faruqi firm's lack of experience in ERISA actions. *See Outten et. al v. Wilmington Trust*, Nos. 10-1114-SLR; 11-00101-SLR, 2012 WL 882886 at *6-7 (D. Del. Mar. 15, 2012) ("*Outten*"). A copy of this decision is attached as Exhibit 1 to the Declaration of Mark P. Kindall ("Kindall Decl."), filed herewith.

*Litig.*, No. 05-CV-2369 (D.N.J.)), and YRC Worldwide, Inc. (*In re YRC Worldwide, Inc. ERISA Litig.*, No. 09-CV-2593 (D. Kan.)).

Further, as described herein, the *Mauer* Plaintiffs' identification and investigation of potential claims in this litigation has been superior to the work done by either the *Gedek* Plaintiffs or Plaintiff Bolger's counsel. Accordingly, Counsel for the *Mauer* Plaintiffs are best able to represent the interests of the class and should be appointed Interim Co-Lead Class Counsel.[5]

## II. ARGUMENT

The question before the Court is which of the three proposed leadership structures will best represent the interests of the putative class. As noted in the *Mauer* Plaintiffs' Brief, four factors predominate: 1) the work counsel has done in identifying or investigating potential claims in the action; 2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; 3) counsel's knowledge of the applicable law; and 4) the resources counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A). Significantly, the "first to file" a complaint is not a factor to consider in appointing interim class counsel as Rule 23 focuses on investigation, expertise, and analysis, not a "race to the courthouse." *See, e.g., Outten*, 2012 WL 882886 at *5 (in rejecting the Faruqi firm's bid to be appointed as interim class counsel, the court explained that "the first-to-file factor when appointing lead counsel has been rejected so as to avoid a 'race to the courthouse'") (citations

[5] Each of the parties that have moved for appointment of interim class counsel, including the *Mauer* Plaintiffs, have also moved for the appointment of Blitman & King LLP ("Blitman & King") as Interim Liaison Class Counsel. As such, the *Mauer* Plaintiffs rely on their discussion of Blitman & King's credentials in their opening brief to support the appointment of Blitman & King as Interim Liaison Class Counsel. *See Mauer* Plaintiffs' Brief at 23.

omitted) (Kindall Decl., Exh. 1); *Nowak v. Ford Motor Co.,* 240 F.R.D. 355, 365 (E.D. Mich. 2006) ("*Ford*") (appointing KTMC as co-lead counsel in a directly analogous case and noting "whether someone was 'first to file' by itself has little to do with who is the best qualified to lead the case, and does not satisfy the requirements of Rule 23(g)."). In some instances, as is true here, filing "first" can actually weigh against the firm which does so as their complaint may not be as well researched or drafted.

Each of the four factors delineated in Rule 23(g) supports appointment of Izard Nobel and KTMC as Interim Co-Lead Class Counsel in this case and denial of the *Gedek* Plaintiffs and Plaintiff Bolger's motions for appointment of their counsel as Interim Class Counsel.

**A. Izard Nobel and KTMC have Done More Work Identifying and Investigating Potential Claims in this Action**

The *Mauer* Plaintiffs' Counsel have clearly done more work identifying and investigating potential claims in this litigation and should be appointed Interim Co-Lead Class Counsel. In particular, there are significant differences among the complaints filed in these actions demonstrating the additional investigation and analysis by the *Mauer* Plaintiffs and their counsel.

First, only the *Mauer* Plaintiffs have sued the Plans' Trustee, Defendant BNY Mellon Financial Corporation. *See* Mauer Complaint, ¶ 18. The Trustee could sell Kodak stock held by the Kodak Stock Fund in favor of cash "as it deemed advisable." *Id*. at ¶ 33. Thus, the Trustee clearly had substantial authority, control and discretion over the Kodak stock held by the Plans and could sell that stock if it became an imprudent investment. Because of its fiduciary responsibilities concerning the Kodak stock held by the Plans, the Trustee is a key Defendant, particularly since Kodak is in bankruptcy and may not be able to fund any judgment or settlement. This fact demonstrates the *Mauer* Plaintiffs' Counsel have done more substantive investigation and analysis of potential claims.

Second, although the *Gedek* Plaintiffs and Plaintiff Bolger purport to sue on behalf of the ESOP in addition to the Savings Plan, only the *Mauer* Plaintiffs assert claims against the Stock Ownership Plan Committee ("ESOP Committee"), which was the Committee with primary fiduciary responsibility for the ESOP and had duties corresponding to the duties of the Defendant Savings and Investment Plan Committee concerning the Savings Plan. Mauer Complaint, ¶¶ 14-16, 31-32. In contrast, the other plaintiffs sue only Paul Dils as the alleged Plan Administrator of the ESOP, which is not accurate. Gedek Complaint, ¶ 34; Greenwood Complaint, ¶ 34; Coletta Complaint, ¶ 31; Bolger Complaint, ¶ 34. In fact, page 1 of the publicly-available Form 5500 filed by the ESOP with the Department of Labor states in section 3 that the "Stock Ownership Plan Committee" is the ESOP Plan administrator – a fact which only counsel for the *Mauer* plaintiffs uncovered prior to filing suit, and which other counsel should have discovered had they conducted a thorough investigation of the claims in this case before commencing litigation.[6] Consequently, in addition to failing to sue the Trustee, plaintiffs other than the *Mauer* Plaintiffs also have ignored the named fiduciary of the ESOP.

Third, although they purport to sue on behalf of the ESOP, plaintiffs other than the *Mauer* Plaintiffs have no allegations concerning any fiduciary matters as to any Defendant with respect to the ESOP. As discussed above, the other plaintiffs allege only that Dils is the ESOP Plan administrator, but have no other allegations concerning Dils, the ESOP or any Defendant's fiduciary duties concerning the Kodak stock held in the ESOP. Gedek Complaint, ¶¶ 36-47,65-73; Greenwood Complaint, ¶ 36-47, 65-73; Coletta Complaint, ¶ 36-47, 55-73; Bolger

---

6 *See,* Kindall Decl., Exh. 2. Subsequent to the filing of the Complaints, Defendants produced the ESOP Plan document which confirms that the Stock Ownership Plan Committee is the named fiduciary and Plan administrator of the ESOP. Kindall Dec., Exh. 3 at sec. 3.10-3.02.

Complaint, ¶ 41-56. In contrast, the *Mauer* Plaintiffs have much more detailed allegations concerning the ESOP claims. Mauer Complaint, ¶¶ 14-16, 27, 31-33; Toal Complaint, ¶¶ 55-56. Indeed, Mauer has a separate count devoted to the ESOP against only the ESOP Defendants. Mauer Complaint, ¶¶ 124-138.

Fourth, the *Mauer* Plaintiffs' complaints are more consistent with the prevailing legal requirements of alleging a breach of the duty of prudence in the Second Circuit– the core claim in these cases – which is governed, at least in part, by *In re Citigroup ERISA Litig.*, 662 F.3d 128 (2d Cir. 2011). In *Citigroup*, the plaintiffs alleged that "Citigroup made ill-advised investments in the subprime-mortgage market while hiding the extent of those investments from Plan participants and the public." *Id.* at 140, 155. The Second Circuit, largely affirming the district court, found that these allegations did not state a claim because they did not allege "circumstances placing the employer in a 'dire situation'" sufficient to trigger a breach of fiduciary duty. *Id.* at 140. Similarly, the Court found that even if the fiduciaries "could have foreseen that Citigroup would eventually lose tens of billions of dollars," they "would not have been compelled to find that Citigroup, with a market capitalization of almost $200 billion, was in a dire situation." *Id.* at 141. Thus, one of the tests for stating a claim under *Citigroup* is whether the fiduciaries could have reasonably foreseen circumstances placing Kodak in a dire situation.

The *Mauer* Plaintiffs' complaints allege with great specificity the circumstances that demonstrated that Kodak was in an increasingly dire situation as it inexorably moved towards bankruptcy. Mauer Complaint, ¶¶ 45-107; Toal Complaint, ¶¶ 88-158. These allegations include not just references to SEC filings, but also press and securities analyst reports, quotes from senior company employees, ratings by rating agencies, and widely known objective measures of

bankruptcy risk such as the Z-score,[7] all of which should have alerted Defendants to Kodak's increasingly dire circumstances. *See,* Mauer Complaint, ¶¶ 51-53,55-58,63-64,66,68-70,73,75, 77-102; 106; Toal Complaint, ¶¶ 116-17, 120,128,130, 131-133, 138-146,150-152, 154-158. The other complaints do not allege Kodak's dire circumstances with anywhere near the same specificity. The *Mauer* Plaintiffs are also the only plaintiffs that allege, consistent with the requirements of *Citigroup*, that the "dire circumstances" experienced by Kodak leading up to and during the class period were "not known to the [plan] settlor [when the Plans were created] and not anticipated by him" at the time that the Plan was established (*Citigroup*, 662 F.3d at 140 (internal citation omitted)), permitting Plaintiffs to overcome any "presumption of prudence." Toal Complaint, ¶¶ 92,115.

Thus, in addition to not suing the Trustee or the ESOP Committee, the Gedek and Greenwood Complaints (which are virtually word-for-word identical), are far less detailed in their Class Period allegations concerning Kodak's dire circumstances. Gedek Complaint, ¶¶104-151; Greenwood Complaint, ¶¶ 104-151. Although it changes a few words here and there, the same is true of the Coletta Complaint. Coletta Complaint, ¶¶ 107-154. Moreover, despite the fact that they filed their Complaints at the end of January 2012, the other plaintiffs' allegations of Kodak's dire circumstances end in November, 2011. Gedek Complaint, ¶¶150- 51; Greenwood Complaint, ¶¶ 150-151; Coletta Complaint, ¶¶ 153-154. In contrast, the *Mauer* Plaintiffs' complaints allege dire circumstances up to the date of Kodak's bankruptcy filing. Mauer Complaint, ¶¶ 100 -107; Toal Complaint, ¶¶ 146 -158.

---

[7] *See, e.g., In re YRC Worldwide, Inc. ERISA Litig.*, No. 09-cv-2593, 2010 WL 4386903, at *7 (D. Kan. Oct. 29, 2010) (finding the Z-Score analysis, among other things, as a persuasive factor that plaintiffs adequately alleged the imprudence of the company stock as a plan investment alternative).

The Bolger complaint suffers from many of the same infirmities as the *Gedek* Plaintiffs' complaints as described above. Additionally, the Bolger complaint reads more like a securities fraud complaint as opposed to an ERISA-fiduciary breach complaint, as it is largely "cut and paste" excerpts from Kodak's SEC filings. Bolger Complaint, ¶¶ 57-82. It quite simply ignores the specific facts alleged by the *Mauer* Plaintiffs demonstrating Kodak's dire circumstances.

Beyond filing a complaint that is superior to the *Gedek* Plaintiffs and Plaintiff Bolger, Counsel for the *Mauer* Plaintiffs have taken additional steps to investigate potential claims and protect the rights of the putative class. On page eleven (11) of Plaintiff Bolger's opening brief in support of appointment of Wolf Haldenstein as interim class counsel, Plaintiff Bolger lists the work his counsel has undertaken thus far in this litigation. For example, Plaintiff Bolger notes that Wolf Haldenstein has "arranged for service of the Summons and Complaint upon defendants," "have requested ERISA plan documents from defendants," "have prepared and submitted a claim on behalf of the Plans in the Bankruptcy Court," have served defendants with a letter directing the preservation of all relevant documents," and "have sent a copy of the Complaint to the Department of Labor." The *Mauer* Plaintiffs' Brief notes that Izard Nobel and KTMC have undertaken these same steps, but, additionally, they have requested that the trustee of the SIP, BNY Mellon, and the record keeper for the SIP, T. Rowe Price, preserve all relevant documents, and these counsel also served copies of the *Mauer* Plaintiffs' complaints on the U.S. Department of Treasury pursuant to ERISA § 502(h). *See Mauer* Plaintiffs' Brief at 10. Of note, the *Gedek* Plaintiffs do not claim to have taken any of the aforementioned steps in their opening brief in support of appointment of their counsel as interim co-lead counsel.

Izard Nobel and KTMC's investigative efforts have not stopped. On March 1, 2012, KTMC contacted T. Rowe Price after learning it had sent correspondence to participants of the

Plans to inform them the Kodak Stock Fund was being eliminated as an investment option for the Plans. Participants of the ESOP Plan had three options: (1) do nothing and receive a distribution of their account balance on March 29, 2012, (2) receive a distribution of their account balance immediately rather than wait until March 29, or (3) receive their distribution in Kodak shares. *See* Kindall Decl., Exh. 4. Participants of the SIP had four options: (1) do nothing and receive a distribution on or about March 15, 2012 in either cash or shares in Kodak stock; (2) transfer their current shares to a different investment option in the SIP; (3) transfer their current account to another plan through an IRA rollover; or (4) elect to receive a distribution in either cash or shares immediately, provided the participant was not a current employee. *See* March 23, 2012 Form 15 filing with the U.S. Securities and Exchange Commission ("SEC") (described below).

The action taken by Kodak to eliminate the Kodak Stock Fund as an investment option for the Plans is clearly an admission that it was an imprudent investment option. It is an action, unfortunately, that came far too late. *Summers v. State St. Bank & Trust Co.*, 453 F.3d 404, 411 (7th Cir. 2006) (noting that "selling when bankruptcy is declared will almost certainly be too late"). To better protect the rights of the Plans' participants, KTMC inquired whether there were any additional options for the Plans' participants other than the options that had been delineated in the correspondence from T. Rowe Price to the Plans' participants. Although no other options were available it was important to perform this due diligence for the sake of the putative class.

The *Mauer* Plaintiffs' investigative efforts were confirmed by Kodak's filing on March 23, 2012 of a Form 15 with the SEC. A Form 15 is a certification and notice of termination of a

registered security. Per this filing, Kodak reported that the SIP "has been amended to eliminate the investment option that invested in Eastman Kodak Company securities."[8]

For all of these reasons, the *Mauer* Plaintiffs and their counsel have done much more to satisfy Rule 23 (g)(1)(A) and should be appointed Interim Co-lead Class Counsel for that reason.

### B. The *Mauer* Plaintiffs' Counsel Have More Experience Handling This Type of Case and Knowledge of Applicable Law Than the Other Firms

The second and third Rule 23(g)(1)(A) factors, generally considered the most important, demonstrate that Izard Nobel and KTMC are best qualified to serve as Interim Co-Lead Class Counsel in this ERISA breach of fiduciary duty class action. *See*, *e.g.*, *Nowak*, 240 F.R.D. at 361 (citing *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (in appointing KTMC as co-lead class counsel along with another firm noted that proposed counsel's "experience in, and knowledge of, the applicable law in this field" is the "most persuasive" factor when choosing lead counsel)).

In their competing motions, neither the *Gedek* Plaintiffs nor Plaintiff Bolger articulate any persuasive reason for appointing their respective attorneys over the more experienced team of Izard Nobel and KTMC. A review of the other firms' representative cases cited in their opening briefs demonstrate without doubt that they simply have far less experience (and success) in cases of this type than Izard Nobel and KTMC. *See Mauer* Plaintiffs' Brief at 10-21. This catalog of experience listed in the *Mauer* Plaintiffs' Brief is not mere puffery; rather it reflects

---

8 The Form 15 was signed by Patricia A. Obstarczyk, who identified herself as a member of the SIP Committee (the committee that manages the operation and administration of the SIP). In the event that Ms. Obstarczyk was a member of the SIP committee during the proposed class period, the *Mauer* Plaintiffs will add her to the consolidated complaint in place of one of the "John Doe" plaintiffs when a consolidated complaint is filed, together with any additional fiduciaries that Izard Nobel and KTMC discover during their continuing investigation

many years of dedication by the attorneys at Izard Nobel and KTMC to this specific area of law. In evaluating experience in a particular type of case or knowledge of applicable law, it is important to look beyond merely cases filed – anyone can file a case. KTMC and Izard Nobel have distinguished themselves in the field of ERISA company stock class actions based on the results they have achieved as lead counsel, together and separately, in the largest ERISA company stock class actions in the country, as well as many other cases, such as the recent $150 million settlement negotiated by KTMC as lead class counsel in the JPMorgan breach of fiduciary duty action.[9] *See Mauer* Plaintiffs' Brief at 10-21.

Courts have routinely praised Izard Nobel and KTMC's efforts in this complex area of ERISA law. *Id*. And, as evidenced by the Special Master's comments in the *AOL Time Warner ERISA Litigation*, such as noting the quality of counsel's work was "impressive," stands out as "some of the hardest work and most outstanding results," and "stretched the defendants' settlement tolerances beyond their limits," Izard Nobel and KTMC have demonstrated the ability to work together successfully and efficiently. *Id.*, 20-21.

---

[9] In *Board of Trustees of the AFTRA Retirement Fund, et al. v. JPMorgan Chase Bank, N.A*, No. 1:09-cv-00686 (S.D.N.Y.), the class alleged that JPMorgan breached its fiduciary obligations under ERISA and New York common law by deciding to invest in and maintain the Class' investment in medium-term notes issued by Sigma Finance, a now-defunct structured investment vehicle (or SIV) operated in the Cayman Islands. After three years of hard-fought litigation, JPMorgan agreed to pay $150 million to resolve the Class' claims in the days up to trial. *See JPMorgan Pays $150M To Settle Pension Funds' ERISA Claims*, Law360, (Mar. 16, 2012, 10:54 PM) http:www.law360.com/articles/320376 (last accessed Mar. 26, 2012). *See also*, *Outten*, 2012 WL 882886, at *7 n. 19 (noting that AOL, in which Izard Nobel and KTMC were co-lead class counsel along with another firm, was a "major" ERISA action.)

### C. Izard Nobel and KTMC have the Resources Necessary to Represent the Class

Izard Nobel and KTMC easily satisfy the Rule 23(g)(1)(A) factor regarding "the resources counsel will commit to represent the class." Both Izard Nobel and KTMC are financially able and fully committed to properly fund this litigation. Indeed, as described in more detail in the *Mauer* Plaintiffs' Brief, Izard Nobel and KTMC have successfully managed numerous prominent large ERISA company stock suits (often contemporaneously) and have invested substantial resources in these efforts. *See Mauer* Plaintiffs' Brief at 10-22. As a team, Izard Nobel and KTMC bring considerable resources to bear. Indeed, KTMC alone is comprised of over 100 attorneys in two offices (Radnor, PA and San Francisco, CA) and has a significant number of support staff, including an in-house forensic investigation department. KTMC has one of the largest law firm departments in the country dedicated to prosecution of complex ERISA/common law breach of fiduciary duty class actions. KTMC also has the capability to host large-scale document reviews on any electronic hosting platform.

Importantly though, the firms' resources go beyond mere finances and size, but also include substantial expertise and work-product, as discussed above, developed in other analogous cases that will be an obvious benefit to the Plaintiffs and proposed class in this action. This simply cannot be said of the *Gedek* Plaintiffs and Plaintiff Bolger's proposed counsel. Thus, considering all four factors, the *Mauer* Plaintiffs respectfully submit that Izard Nobel and KTMC are the best qualified to represent the class in this case as Interim Co-Lead Class Counsel.

## III. CONCLUSION

The *Gedek* Plaintiffs and Plaintiff Bolger have failed to articulate any persuasive basis to appoint their proposed leadership structure over Izard Nobel and KTMC. Rather, as articulated

in the *Mauer* Plaintiffs' Brief, and underscored here, the proposed class will be best served by the appointment of Izard Nobel and KTMC as Interim Co-Lead Class Counsel. These two firms are vastly superior in both experience and expertise in litigating ERISA breach of fiduciary duty actions, as has been shown through their investigatory efforts to date.

Based upon the foregoing, the *Mauer* Plaintiffs respectfully request that the Court grant their Motion for Entry of Pretrial Order No. 1 and appoint Izard Nobel LLP and Kessler Topaz Meltzer & Check, LLP as Interim Co-Lead Class Counsel pursuant to FED. R. CIV. P. 23(g), appoint Blitman & King as Interim Liaison Counsel, and deny the Motions of the *Gedek* Plaintiffs and Plaintiff Bolger seeking aappointment of their counsel as Interim Class Counsel. The *Mauer* Plaintiffs submit herewith a modified Pretrial Order No. 1 which adds *Hartter v. Perez,* et al. No. 12-cv-06146 (W.D.N.Y) to the caption and provides under paragraph 1 that the *Harter* matter should be consolidated with the previously filed related ERISA actions.

Dated: March 26, 2012

Respectfully submitted,

**BLITMAN & KING LLP**

By: /s/ Jules L. Smith
Jules L. Smith
The Powers Building, Suite 500
16 West Main Street
Rochester, NY 14614
Tel: (585) 232-5600
Fax: (585) 232-7738
Email: jlsmith@bklawyers.com

Robert A. Izard
Mark P. Kindall
Nancy A. Kulesa
**IZARD NOBEL LLP**
29 South Main Street, Suite 215
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290
Email: mkindall@izardnobel.com
Email: rizard@izardnobel.com
Email: nkulesa@izardnobel.com

Edward W. Ciolko
Peter A. Muhic
Mark K. Gyandoh
Julie Siebert-Johnson
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
Email: eciolko@ktmc.com
Email: pmuhic@ktmc.com
Email: mgyandoh@ktmc.com
Email: jsjohnson@ktmc.com

***Counsel for Plaintiffs Mauer, Toal, and Matte and Proposed Interim Co-Lead Counsel Class***